UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# JS-6

## CIVIL MINUTES – GENERAL

Case No. 8:26-cv-00806-FWS-KES                     Date: June 18, 2026
Title: Nirav B. Savalia v. Anthem Blue Cross Life and Health Insurance Company *et al.*

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Priscilla Deason for Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER DISMISSING CASE [18]**

The court has received Plaintiff's Notice of Dismissal.  (Dkt. 18.)  The court observes that a Notice to Filer of Deficiencies was issued because a motion to dismiss was previously filed in this case.  (Dkt. 19.)  However, the court further observes that Defendants have not filed or "serve[d] either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i); (*see generally* Dkt.)  Accordingly, the court finds the Notice of Dismissal effective under Rule 41(a)(1)(A)(i), which permits dismissal of an action "without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i); *see Miller v. Reddin*, 422 F.2d 1264, 1266 (9th Cir. 1970) (holding a motion to dismiss does not constitute an "answer" for purposes of Rule 41(a)(1)); *Swedberg v. Marotzke*, 339 F.3d 1139, 1146 (9th Cir. 2003) (holding a Rule 12(b)(6) motion, even if supported by extraneous materials, is not regarded as a "motion for summary judgment" under Rule 41(a)(1) until the district court "acts to convert the motion, preferably by an explicit ruling"); *see also Hamilton v. Shearson-Lehman Am. Exp., Inc.*, 813 F.2d 1532, 1534 (9th Cir. 1987) ("Courts applying Rule 41(a) have given it a literal interpretation.") (collecting cases); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice.") (citation omitted); *Duke Energy Trading & Mktg., L.L.C. v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001) ("The filing of a Rule 41(a)(1)(i) notice itself closes the file.  There is nothing the defendant can do to fan the ashes of

_____

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 8:26-cv-00806-FWS-KES                    Date: June 18, 2026

Title: Nirav B. Savalia v. Anthem Blue Cross Life and Health Insurance Company *et al.*

that action into life and the court has no role to play.") (cleaned up); *cf. Am. Soccer Co. v. Score First Enterprises, a Div. of Kevlar Indus.*, 187 F.3d 1108, 1111 (9th Cir. 1999) ("Courts have refused to weigh the amount of effort expended by the defendant or the district court, instead holding that 'rule 41(a)(1) means what it says.'") (collecting cases).  This action is therefore **DISMISSED**.

_____